UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS®,<br><br>Defendant. | Case No. 1:20-cv-3356 |

## [PROPOSED] STIPULATION AND ORDER

Plaintiff United States of America and Defendant National Association of REALTORS® (collectively, the "Parties") by and through their attorneys, hereby stipulate, subject to approval and entry by the Court, as follows:

1. The Court has jurisdiction over the subject matter of this action and over each of the Parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.  Defendant waives service of summons and the Complaint.

2. The Parties stipulate that a Final Judgment in the form attached as Exhibit A may be filed with and entered by the Court, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act (15 U.S.C. § 16) ("APPA"), and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the proposed Final Judgment by serving notice on Defendant and by filing that notice with the Court.

3. Defendant agrees to abide by and comply with the provisions of the proposed Final Judgment, pending the Court's entry of the proposed Final Judgment, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and agrees, from the date of the signing of this Stipulation, to comply with all the terms and provisions of the proposed Final Judgment. The United States shall have the full rights and enforcement powers in the proposed Final Judgment as though the same were in full force and effect as a final order of this Court entering the proposed Final Judgment.

4. Defendant agrees to arrange, at its expense, publication as quickly as possible of the newspaper notice required by the APPA, which shall be drafted by the United States in its sole discretion. The publication must be arranged no later than three business days after Defendant's receipt from the United States of the text of the notice and identity of the newspaper or newspapers within which the publication shall be made. Defendant must promptly send to the United States (a) confirmation that publication of the newspaper notice has been arranged, and (b) the certification of the publication prepared by the newspaper or newspapers within which the notice was published.

5. This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the Parties and submitted to the Court.

6. In the event that one of the following three conditions occurs, the United States and Defendant are released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding:

(a) the United States has withdrawn its consent, as provided in Paragraph 2 above;

(b) the United States voluntarily dismisses the Complaint in this matter; or

(c) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered compliance with the terms and provisions of the proposed Final Judgment.

7. Defendant represents that the actions it is required to perform pursuant to this Stipulation and Order and the proposed Final Judgment can and will be performed and Defendant will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

**Date:  November 19, 2020**

Respectfully submitted,

| FOR PLAINTIFF<br>UNITED STATES OF AMERICA | FOR DEFENDANT<br>National Association of REALTORS® |
|---|---|
| /s/ Samer M. Musallam | /s/ William A. Burck |
| Samer M. Musallam (DC Bar 986077)<br>U.S. Department of Justice<br>Antitrust Division<br>950 Pennsylvania Ave., N.W., Suite 3110<br>Washington, DC 20530<br>Tel. 202.598.2990<br>Fax: 202.514.9033<br>samer.musallam@usdoj.gov | William A. Burck (DDC Bar Id. 979677)<br>Ethan C. Glass (DDC Bar Id. MI0018)<br>Michael Bonanno (DDC Bar Id. 998208)<br>Quinn Emanuel Urquhart & Sullivan LLP<br>1300 I Street NW<br>Suite 900<br>Washington, DC 20005<br>Tel. 202.538.8000<br>Fax. 202.538.8100<br>williamburck@quinnemanuel.com<br>ethanglass@quinnemanuel.com<br>michaelbonanno@quinnemanuel.com |

## **ORDER**

IT IS SO ORDERED by the Court, this \_\_\_\_ day of _____.

_____
United States District Judge